TRULINCS 58974054 - SAMUELS, TROY - Unit: BRO-H-A

----------------------------------------------------------------------------------------------------

FROM: 58974054
TO: Ortiz, Jessica
SUBJECT: May 23, 2019 Pro se filing #12
DATE: 05/23/2019 07:38:49 PM

May 23, 2019

> Case no. 19-cr-173 (PAE) (SDNY)
> United States v. Samuels
> Pro se filing #12

Submitted by Defendant:

Troy Samuels pro se
Reg. NO. 58974-054
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, NY 11232
May 23, 2019

> IN THE UNTIED STATES DISTRICT COURT
> FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------

Defendant Troy Samuel's May 23, 2019 Pro se Filing #12 supplemental reply to AUSA Jacob Warren's May 20, 2019 Government's Opposition to Defendant's Motions in Limine, Number 4 (Franks Hearing Motion).

-------------------------------------

Comes now the Defendant, Troy Samuels, and files this supplemental reply and argues and shows the Court the following facts and argument, to wit:

Point #1. At page 18-19 of Mr. Warren's response he made the assertion and advanced the frivolous and risible argument in Section C (Discussion) as follows:

(i) "Contrary to Samuel's assertion, the surveillance VIDEO [emphasis added] showing Samuels' possessing A SMALL CALIBER FIREARM [emphasis added] prior to each shooting is of very good quality and Samuels is readily identified."

(a) Parsing Warren's argument, first, Warren confirmed that he relied on "the surveillance video" of the alleged 02/10/2019 and 02/14/2019 shooting as the factual basis for the 922(g)(1) probable cause and charges in the indictment and the complaint.

(b) Second Warren judicially admitted, and is locked as the Government's litigation position admitted in official court filings, Warren was not able to say in his court filing the exact "caliber" of the "firearm" allegedly see in the "surveillance videos" dated 02/10/2019 and 02/14/2019. Warren stated undisputedly and only merely identified the object as "a small [unknown] caliber firearm." And not the exact same .25 caliber firearm claimed in NYPD Det. M. Delgardo's 02/26/2019 intentionally and deliberate misleading misrepresentations and omissions made to magistrate Aaron. Thus, justifying the Court to schedule the Franks hearing evidentiary hearing to have Delgardo and a firearm expert testify whether or not it is factually possible beyond a reasonable doubt for the Government to prove at trial the exact caliber of any alleged firearm seen in "surveillance videos" the Government used to argue probable cause on 02/26/2019; and whether or not it is factually possible for the Government to prove beyond a reasonable doubt at trial (A) the exact caliber of any object seen in the "surveillance videos"; (B) whether or not any object seen in any "surveillance video" is loaded; (C) whether or not any object seen in any surveillance video is loaded with the exact same .25 caliber ammunition alleged found on public streets near 167 St., Bronx, NY and near 159/160 St., Manhattan, NY on or about 02/10/2019 and 02/14/2019 respectively; and (D) whether or not any object seen in the 02/10/2019 and 02/14/2019 "surveillance videos" was in fact a "firearm" as defined by 922(g)(1) and 924(c).

   Those are the issues that will be resolved in an in court evidentiary hearing where the credibility of Delgardo can be tested in open court in regard to the statements made, and omissions withheld from the 02/26/2019 affidavit of probable cause to have obtained the 02/26/2019 arrest warrant of Troy Samuels; and whether or not Delgardo and Warren deliberately and intentionally

TRULINCS 58974054 - SAMUELS, TROY - Unit: BRO-H-A

---

misled a federal grand jury in regard to essential elements of the Government's burden of proof.

REQUESTED RELIEF.

Defendant request that the District Court (1) advanced all necessary funds so that he can retain the services of a video ballistics expert to give expert testimony at an evidentiary Franks hearing on the above issues regarding the 02/26/2019 affidavit of probable cause submitted to the magistrate court; and (2) defendant further request that the Court order magistrate Aaron to produce a transcription of the 02/26/2019 judicial proceeding in which he issued the 02/26/2019 arrest warrant for Troy Samuels for use at the Franks evidentiary hearing and for use at trial to impeach Government trial witnesses.

Point #2.

Mr. Warren's judicial admission made in the Government's May 20, 2019 filing, in fact constituted affirmative admissions made by an officer of the court in official government filings. Mr. Warren conceded that the extent of the identification of any object which appears to be a firearm is limited to the vague reference as "a small caliber [of unknown extent] firearm; and Mr. Warren stated in the very next sentence in his filing, "The surveillance videos that clearly show Samuels possessing a firearm [note Warren did not state that the alleged firearm Samuels was holding was the exact same .25 caliber firearm seen first on 02/10/2019 and allegedly seen again on 02/14/2019 in "surveillance videos"].

Respectfully submitted by Defendant:

/s/ Troy Samuels
*Troy Samuels*

Troy Samuels pro se
May 23, 2019

END OF DOCUMENT

-----Ortiz, Jessica on 5/21/2019 6:21 PM wrote:

>

Troy,

As you know, we filed our opposition to the government's motions in limine yesterday. We have sent copies to you by mail, but we will also bring copies the next time we visit (most likely on Thursday). As we discussed, we opposed the Government's motions to admit evidence of your incarceration and to admit evidence of your prior felony convictions.

The Government also filed its opposition to our motions in limine yesterday. We have sent you copies and the Government should also have sent you copies. I will briefly summarize the Government's arguments here:

1) Ballistics Expert. The Government argues that ballistics testimony is admissible and that the ballistics expert's testimony should not be limited to "more likely than not" a match. The Government does concede that its expert does not intend to state his conclusions with any particular degree of certainty.

As we have mentioned, no court has excluded ballistics testimony in its entirety before. We still think we have a chance at an instruction that the expert can only testify to "more likely than not" a match.

2) Motion to Sever. The Government argues that Count Five is properly joined with Counts One through Four because "all five counts have a sufficient logical connection to each other and because the same evidence necessary to prove Count Five will be used to prove the other counts, and vice versa." The evidence that the Government cites as admissible on Count Five is (1) the February 14 bodega video, (2) witness testimony from an individual purportedly with you inside the bodega, and (3) the prison calls in which you allegedly admit "to being robbed of drugs and cash by Robinson."

We think we have good arguments that none of that evidence should be admissible in a trial on Count Five. We've also learned that the Government supposedly has someone who was with you in the bodega that may testify. We should discuss this, but we intend to have the private investigator look into this.

3) Motion for Grand Jury Minutes. The Government argues that requests for grand jury minutes cannot be granted without concrete allegations of misconduct. The Government also says that it has the following in proof on Count Three: (1)

TRULINCS 58974054 - SAMUELS, TROY - Unit: BRO-H-A

---

surveillance video from inside the bodega showing distribution of small zip lock lags with a white substance in exchange for cash, (2) their recovery of the crack cocaine during your arrest on February 27, (3) witness testimony (they do not specify, but we can assume from the same person inside the bodega), (4) surveillance video from the robbery outside the bodega, and (5) your purported admissions in the prison calls about your drug dealing.

We still think we have good arguments that none of this evidence is sufficient to show that the substance on February 14 was crack. However, as we have discussed, the Government is correct that it is very, very rare that defendants prevail on motions for grand jury minutes.

4)      Franks Motion. The Government argues that the Franks motion is just a protestation of your innocence. We know you are very interested in the Franks motion, so we have copied a significant portion of the Government's response here. It says: "Contrary to Samuels' assertion, the surveillance videos showing Samuels' possessing a small caliber firearm prior to each shooting is of very good quality and Samuels is readily identifiable. The surveillance videos that clearly show Samuels possessing a firearm, coupled with the ballistics analysis by Detective Fox showing that the same gun was used at the scene of both shootings, will prove beyond a reasonable doubt that the same gun was used at the scene of both shootings, will prove beyond a reasonable doubt to the jury that Samuels was in possession of the .25 caliber ammunition, as Charged in Counts One and Two of the Complaint, respectively. Samuels' denial that he perpetrated these shootings does not give rise to a Franks hearing."

We can discuss this further when we visit next.

We have court next Tuesday at 12:30PM for argument on these motions. We will visit you before then. Also, the court filed your letter (pro se filing #9) on the docket. We have already responded to every single item in that letter in detail last Friday. We recommend that you stop sending our correspondence to the court because it contains attorney-client privileged information. That information is supposed to be kept secret. If you publicize it, the Government could make an argument that you've waived the privilege and ask for all of our communications. Obviously, our communications contain a lot of information about our trial strategy that we would not want the Government to know.

Best,
Jessica



Tior Samuels
Reg. No. 58474-054
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, NY 11232

RECEIVED
2019 MAY 29 PM 2:
CLERK'S OFFICE
S.D.N.Y.

Legal Mail

Criminal
PC

U.S. District Court (SDNY)
Office of the District Clerk
500 Pearl St.
New York, NY 10007